UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dennis D. Linehan,<br><br>               Petitioner,<br><br>v.<br><br>Emily Johnson Piper,<br><br>               Respondent. | Case No. 17-cv-4355 (SRN/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

    Petitioner Dennis D. Linehan is currently detained indefinitely as a sexually dangerous person by the State of Minnesota pursuant to a judgment entered two decades ago in state court. *See In re Linehan*, 594 N.W.2d 867 (Minn. 1999). In 2000, Linehan filed a petition for a writ of habeas corpus in this District under 28 U.S.C. § 2254 challenging the validity of that civil detention. The petition was denied with prejudice, and a certificate of appealability ("COA") was granted on one issue raised by the petition. The Eighth Circuit Court of Appeals ultimately affirmed the denial. *See Linehan v. Milczark*, 315 F.3d 920 (8th Cir. 2003).

    Linehan has since sought relief from that civil-detention judgment several times in the state courts, most recently in habeas corpus proceedings initiated in 2016. *See Linehan v. Piper*, No. A16-1584, 2017 WL 1208757, at *1 (Minn. Ct. App. Apr. 3, 2017). Each of those attempts has been unsuccessful to date.

This matter is now before the Court on a new petition for a writ of habeas corpus from Linehan.  (Pet. [Doc. No. 1].)  Although the petition itself invokes 28 U.S.C. § 2241 as a basis for habeas corpus relief (Pet. at 1), Linehan is being held "pursuant to the judgment of a State court," *see* 28 U.S.C. § 2254(a), specifically, pursuant to the judgment entered at the conclusion of the civil-commitment proceedings.  Linehan's petition is therefore subject to the procedural and substantive limitations set forth in § 2254.  *See, e.g.*, *Doranti v. Dep't of Human Services*, No. 13-cv-1667 (DWF/LIB), 2013 WL 3974532, at *1-3 (D. Minn. July 30, 2013).

Among those limitations, a federal district court is without jurisdiction to consider a second or successive application for habeas corpus relief governed by § 2254 unless the petitioner has first obtained authorization from the appropriate court of appeals to file that petition.  *See* 28 U.S.C. § 2244(b)(3)(A); *Crawford v. Minnesota*, 698 F.3d 1086, 1088 (8th Cir. 2012).  "[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."  *Magwood v. Patterson*, 561 U.S. 320, 333 (2010).  Here, as in the 2000 federal habeas corpus proceedings, Linehan challenges the validity of the civil-commitment judgment entered in state court two decades ago.  Thus, to the extent that Linehan seeks habeas corpus relief from that judgment,[1] his petition is "second or successive."

---

[1] In some respects, Linehan appears to be challenging not the *fact* of his confinement, but the legality of the current *conditions* of his confinement.  Such a challenge must be brought in traditional civil-rights litigation, not habeas corpus litigation.  *See Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014).  Linehan is proceeding pro se, and his petition is subject to a liberal interpretation, *see id.*, but reinterpretation of his habeas petition as a civil complaint would not be appropriate in this matter.  First, the only relief

Because Linehan has not yet received authorization from the Eighth Circuit to proceed with a second or successive habeas corpus petition, the petition must be either dismissed without prejudice or transferred to the Eighth Circuit for further consideration. This Court recommends dismissal rather than transfer, as the petition does not appear to meet the statutory requirements for second or successive petitions. *See* 28 U.S.C. § 2244(b)(2). That said, dismissal of this action without prejudice would not prevent Linehan from seeking authorization from the Eighth Circuit of his own accord.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a COA. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Linehan's current habeas corpus petition differently than it is being treated here. Linehan has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that

---

expressly sought by Linehan is habeas corpus relief — i.e., release from detention. (*See* Pet. at 9.) Second, the Respondent named to this habeas corpus action is unlikely to be a correct defendant to a civil rights action, as Linehan has not alleged how Respondent *herself* has violated the law. Third, neither the petition itself nor the memorandum attached to the petition complies even approximately with the Federal Rules of Civil Procedure. A new pleading would therefore undoubtedly be necessary in any event to put the proper defendants on notice of the specific claims being raised against them. Finally, Linehan is not prohibited from bringing a civil rights claim in a proceeding dedicated specifically to such a claim.

warrants appellate review. It is therefore recommended that Linehan not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

2. Petitioner Dennis D. Linehan's application to proceed *in forma pauperis* [Doc. No. 3] be **DENIED AS MOOT**; and

3. No certificate of appealability be granted.

Dated: October 17, 2017         s/ *Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).