UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dennis D. Linehan,<br><br>Petitioner,<br><br>v.<br><br>Emily Johnson Piper,<br><br>Respondent. | Case No. 0:17-cv-04355 (SRN/HB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Dennis D. Linehan, *Pro Se* Petitioner.

Matthew Frank, Esq., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, Minnesota 55101, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

**I.   INTRODUCTION**

This matter is before the Court for consideration of Petitioner's Objection [Doc. No. 7] to Magistrate Judge Hildy Bowbeer's October 17, 2017 Report and Recommendation [Doc. No. 6] ("R&R"). The Magistrate Judge recommended that: (1) Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] ("Petition") be dismissed without prejudice; (2) Petitioner's application to proceed *in forma pauperis* [Doc. No. 3] be denied; and (3) no certificate of appealability be granted. For the reasons set forth below, the Court overrules Petitioner's Objection and adopts the R&R in its entirety.

1

## II. BACKGROUND

The R&R documents the relevant factual and procedural background of this case, and the Court incorporates it by reference. Briefly stated, Petitioner Dennis Linehan ("Petitioner") is currently detained indefinitely by the State of Minnesota, pursuant to a 1995 judicial determination that he is a sexually dangerous person. *See In re Linehan*, 594 N.W.2d 867, 870 (Minn. 1999). In 2000, Petitioner sought habeas corpus relief in this District under 28 U.S.C. § 2254. The District Court denied relief, but issued a certificate of appealability with regard to one issue. *See Linehan v. Milczark*, 315 F.3d 920, 921 (8th Cir. 2003). The Eighth Circuit Court of Appeals affirmed the denial of § 2254 relief. *Id.*

On September 21, 2017, Petitioner filed the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the United States District Court for the District of Minnesota, challenging his detention as violating his due process rights, the protection against double jeopardy, and separation of powers. (*See* Petition, at 2.) Petitioner also requested leave to proceed *in forma pauperis*.

On October 17, 2017, the Magistrate Judge recommended that Petitioner's Petition be dismissed without prejudice. (R&R, at 4.) On November 2, 2017, Petitioner filed his Objection to the Magistrate Judge's R&R. (Objection to Magistrate Judge's Proposed Findings and Recommendations ("Objection").)

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D. Minn. LR 72.2(b)(1). The district court will

2

review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B. Applicable Law

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is being held pursuant to the judgment of a state court, so his habeas petition is governed by § 2254. *See, e.g.*, *Smallwood v. Jesson*, No. 13-cv-63, 2013 WL 4781021, at *2 (D. Minn. Sept. 5, 2013) (stating that a challenge to civil detention of sexually dangerous persons falls under 28 U.S.C. § 2254).

A federal district court may not entertain a "second or successive" habeas corpus petition under § 2254 unless the petitioner first obtains authorization from the appropriate court of appeals. 28 U.S.C. § 2244(3)(A). Authorization for a second or successive § 2254 petition is limited to claims relying on a new rule of constitutional law that applies retroactively or on newly discovered evidence showing that the petitioner is actually innocent. *Id.* § 2244(2).

### C. Analysis

The Magistrate Judge reasoned that the Court does not have subject matter jurisdiction over this claim because the Eighth Circuit Court of Appeals has not issued an order authorizing this Court to consider his second or successive § 2254 habeas corpus

petition. (R&R, at 2.) The Magistrate Judge observed that Petitioner has not sought such an order from the Eighth Circuit, and recommended dismissal without prejudice to allow Petitioner that opportunity. (*Id.* at 3.)

Petitioner objects to the Magistrate Judge's recommendation that his Petition be dismissed for lack of jurisdiction. (Objection, at 1-2.) Petitioner argues that his Petition should be governed by 28 U.S.C. § 2241, not 28 U.S.C. § 2254. (*Id.* at 1.) But Petitioner does not dispute that he is being held pursuant to the judgment of a state court, and clear statutory language states that petitions from persons detained pursuant to the judgments of state courts are subject to § 2254. 28 U.S.C. § 2254(a).

Petitioner further objects that his Petition is not "second or successive" because it concerns new and substantially different information as compared to his previous § 2254 petition. (*Id.* at 2.) Even if this is the case, it is for the Eighth Circuit to decide whether Petitioner's new information meets the statutory requirements for a second or successive § 2254 petition. 28 U.S.C. § 2244(2), (3). Further, the Court agrees with the Magistrate Judge's determination that Petitioner's Petition does not appear to meet the statutory requirements for a second or successive petition. (R&R, at 3.)

The Court agrees with the Magistrate Judge's analysis and adopts it in full. (*See* R&R, at 2-3.) For these reasons, the Court dismisses Petitioner's motion for habeas corpus relief.

In order to appeal an adverse decision on a § 2254 petition, a petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless "the applicant has made a

4

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Fleiger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a Certificate of Appealability.

## IV. ORDER

The Court **OVERRULES** Petitioner's Objection [Doc. No. 7] and **ADOPTS** the Magistrate Judge's July 25, 2017, Report and Recommendation [Doc. No. 6]. Accordingly,

**IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

2. Petitioner's request to proceed *in forma pauperis* [Doc. No. 3] is **DENIED AS MOOT**; and

3. A certificate of appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:     November 9, 2017        **s/ Susan Richard Nelson**
                                   SUSAN RICHARD NELSON
                                   United States District Court Judge